**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cezan C. Armenta, | No. CV-22-00123-TUC-RCC |
| Petitioner, | **ORDER** |
| v. | |
| David Shinn, et al., | |
| Respondents. | |

On January 24, 2024, Magistrate Judge Lynette C. Kimmins issued a Report and Recommendation ("R&R") in which she recommended the Court dismiss Petitioner Cezan C. Armenta's Amended Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Non-Death Penalty). (Doc. 39.) Petitioner filed an Amended Objection to the R&R (Doc. 44), and Respondents filed a Response (Doc. 45). Upon review, the Court will adopt the R&R and dismiss the habeas petition.

**I.   Factual and Procedural History**

Petitioner does not object to the Magistrate's summary of the procedural history. As such, the Court adopts the Magistrate judge's recitation of facts, and merely summarizes as necessary to address Petitioner's objections.

**II.  Standard of Review: Report and Recommendation**

The standard of review of a magistrate judge's R&R is dependent upon whether a party objects: where there is no objection to a magistrate's factual or legal determinations, the district court need not review the decision "under a *de novo* or any other standard." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). However, when a party

objects, the district court must "determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1). Moreover, "while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154.

A petitioner's objections to an R&R must specifically indicate the findings and recommendations for which he disagrees. Fed. R. Civ. P. 72(b). "[W]hen a petitioner raises a general objection to an R&R, rather than specific objections, the Court is relieved of any obligation to review it." *Baker v. United States*, No. CR-17-00834-PHX-DJH, 2021 WL 1976516, at *3 (D. Ariz. May 18, 2021) (quoting *Martin v. Ryan*, No. CV-13-00381-PHX-ROS, 2014 WL 5432133, at *2 (D. Ariz. Oct. 24, 2014)).

In addition, objections to R&Rs "are not to be construed as a second opportunity to present the arguments already considered by the Magistrate Judge." *Betancourt v. Ace Ins. Co. of Puerto Rico*, 313 F. Supp. 2d 32, 34 (D.P.R. 2004); *see also Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) ("The purpose of the Federal Magistrates Act is to relieve courts of unnecessary work" and "[t]here is no increase in efficiency, and much extra work, when a party attempts to relitigate every argument which it presented to the Magistrate Judge.").

**III.     Amended Habeas Petition**

The Magistrate Judge summarized the claims in Petitioner's Amended Habeas Petition as follows:

> Claim 1 alleges Petitioner was denied his right to counsel when the trial court rejected his motions for substitute counsel. Claim 2 alleges the trial court denied Petitioner the right to present a complete defense by (a) denying his request to call the confidential informant as a witness, (b) denying his right to testify, and (c) denying a jury instruction on entrapment. Claim 3 alleges ineffective assistance of counsel (IAC) during plea negotiations. Claim 4 alleges counsel was ineffective (a) at trial for (1)

> failing to call the confidential informant as a witness, and (2) failing to present an entrapment defense; and (b) on appeal for (1) failing to challenge preclusion of the confidential informant as a witness, and (2) failing to appeal the trial court rulings on an entrapment defense.

(Doc. 39 at 2–3.) The Court has reviewed the R&R and in agrees with the Magistrate's conclusions as to those claims for which Petitioner does not object. The Court now addresses only the conclusions in the R&R for which Petitioner objected.

### IV. Standard of Review: Exhaustion and Procedural Default

For the district court to review a writ of habeas corpus, a petitioner must show he has exhausted his state remedies by fairly presenting the same issues to the state's highest court. 28 U.S.C. § 2254(b)(1)(A); *see also Coleman v. Thompson*, 501 U.S. 722, 731 (1991). "[O]nce the federal claim has been fairly presented to the state courts, the exhaustion requirement is satisfied." *Picard v. Connor*, 404 U.S. 270, 275 (1971). The exhaustion requirement makes certain that the state courts are given an opportunity to address constitutional violations without the federal court's intrusion. *Rose v. Lundy*, 455 U.S. 509, 515 (1982). Failure to exhaust may lead to dismissal. *Gutierrez v. Griggs*, 695 F.2d 1195, 1197 (9th Cir. 1983).

In addition, a procedural default also precludes habeas review. But unlike exhaustion, wherein a federal claim has never been presented in the state court, a procedural default occurs when "a state court has been presented with a federal claim, but declined to reach the issue for procedural reasons, or if it is clear that the state court would hold the claim procedurally barred." *Casset v. Stewart*, 406 F.3d 614, 621 n.5 (9th Cir. 2005) (internal citations omitted).

Moreover, federal courts "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Coleman*, 501 U.S. at 728. This is true whether the state law basis is substantive or procedural. *Id.* Review is prohibited in such instances because the federal courts have "no power to review a state law determination that is sufficient to support the judgment, resolution of any

independent federal ground for the decision could not affect the judgment and would therefore be advisory." *Id.*

### V.   Objections to Magistrate's R&R

#### a.   *Claim 1: Trial court's denial of motion to substitute counsel*

Claim 1 alleges the trial court violated his right to counsel when it denied his motions for substitute counsel. Petitioner filed a pro se supplemental brief in the Arizona Court of Appeals, arguing the trial court's denial was an abuse of discretion. (Doc. 39 at 4; Ex. GG at 7[1].) Petitioner's appellate counsel filed a supplemental brief arguing the same. (Ex. JJ at 27.)

The court of appeals found Petitioner's contrary actions "waived all but a claim of fundamental error." (Doc. 39 at 4.) The appellate court explained that while Petitioner had filed numerous motions to substitute counsel, he was granted his third attorney, Paul Gattone, after the sixth motion. (Ex. MM at 7–8.) The court of appeals stated Petitioner then withdrew his seventh motion "and agreed that any concerns he had with Gattone had been resolved." (*Id.*; *see also* Ex. KK at 31.) The trial court warned Petitioner he was prohibited from filing pro se motions because he had appointed counsel, and if he believed he could no longer work with Mr. Gattone, he would need to ask counsel to file a motion to withdraw on his behalf. (Ex. MM at 8; *see also* Ex. ZZ ("He was admonished repeatedly that only motions filed by counsel would be considered by the Court . . . .").) Subsequent to filing an eighth pro se motion to substitute, the court of appeals noted, "Gattone stated that Armenta had 'indicated to [him] that . . . additional time [was] necessary [for them] to work together' . . . [and w]hen the court asked Armenta if that was true, he responded, 'Yeah.'" (Ex. MM at 8; Ex. KK at 35.) Because he withdrew the seventh motion and indicated he merely required a continuance to work with Gattone after filing the eighth, the court of appeals determined he waived the issue except as to fundamental error, but since he had failed to argue fundamental error, this too was waived. (Doc. 39 at 4 (citing Ex. MM at 8–9).)

---

[1] All exhibits are attached to Respondents' Limited Response. (Docs. 22-1–22-4.)

- 4 -

The Magistrate concluded that the appellate court's denial was based on an adequate and independent state procedural grounds, and that Claim 1 was technically exhausted and procedurally defaulted without excuse. (Doc. 39 at 5, 10.)

Petitioner objects, first arguing the Magistrate errred because the court of appeals' ruling was "intermingled" and did not rest on adequate and independent state grounds. (Doc. 44 at 3.) Second, he claims the Magistrate should have concluded he had shown cause and prejudice for his defaulted claim of fundamental error because his pro se brief was stricken and although his pro se brief failed to argue fundamental error, the failure should be excused because he is pro se. (*Id.* at 3–4.) Third, Petitioner claims he has shown cause for the default because "Appellate Counsel was ineffective[,] had he argued [fundamental error on appeal] this claim would not be defaulted." (*Id.* at 4.) Fourth, Petitioner objects to the Magistrate's indication that he waived two motions to substitute counsel. (*Id.* at 3.)

First, Petitioner's objection rehashes his argument before the Magistrate Judge and can be denied on this basis. *Castillo-Torres v. Shinn*, No. CV–21–00217–TUC–JCH, 2022 WL 326350, at *3 (D. Ariz. Feb. 3, 2022) (finding that "rehash[ing] claims asserted in the petition—those the magistrate judge has already addressed in the R&R . . . undermine the purpose of referral to magistrate judges for resolution of issues that are not objectionable to the parties."). Moreover, this Court agrees with the Magistrate Judge that the court of appeals' procedural ruling rested on adequate and independent state grounds. The Magistrate explained:

> The court set forth Petitioner's claim, articulated the applicable law and facts, and then issued a ruling. In an initial paragraph it found a default based on state law, and then in a separate paragraph rejected the claim on the merits. When a state court issues an alternative holding on the merits of a federal claim, a habeas court still must honor a state procedural bar if it was explicitly invoked as a separate basis for the state court's decision. *Harris v. Reed*, 489 U.S. 255, 264 n.10 (1989). In other words, "[a] state court's application of a procedural rule is not undermined where, as here, the state court simultaneously rejects the merits of the claim.". . . . In Petitioner's case, in a separate paragraph addressing only a state procedural ground, the Arizona Court of Appeals found the claim waived. This was an

independent and adequate state law basis to deny the claim. Therefore, Claim 1 is defaulted.

(Doc. 39 at 5–6 (citations omitted).) Arizona "Rule 32.2(a)(3) determinations (based on waiver at trial or on appeal) are independent of federal law because they do not depend upon a federal constitutional ruling on the merits." *Stewart v. Smith*, 536 U.S. 856, 860 (2002). The Court finds the Magistrate Judge's determination was not in error.

Second, Petitioner's failure to raise fundamental error cannot be cured though alleging ignorance. "[I]t is well established that 'ignorance of the law, even for an incarcerated pro se petitioner" is no excuse for failing to raise an appeal issue in a timely fashion. *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (quoting *Fisher v. Johnson,* 174 F.3d 710, 714 (9th Cir. 1999)); *see also In re Marriage of Williams*, 200 P.3d 1043, 1046 (Ariz. Ct. App. 2008) (stating unrepresented parties "are held to the same standards as attorneys with respect to familiarity with required procedures") (citations and quotation marks omitted).

Third, the Magistrate addressed Petitioner's claims of ineffective appellate counsel, noting that Petitioner had failed to fairly present a claim that appellate counsel was ineffective to the state court, and any such claim "is now foreclosed in state court by Arizona Rules of Criminal Procedure 32.2(a)(3) and 32.4(b)(3) because it does not fall within an exception to preclusion, Ariz. R. Crim. P. 32.2(b); 32.1(b)–(h)." (Doc. 39 at 9.) Petitioner fails to explain how this legal determination was incorrect.

Fourth, the Magistrate Judge's reference to Petitioner's waiver of his two motions to substitute counsel is supported by the record. Thus, Petitioner is not entitled to relief under Claim 1.

### b. *Claim 2(a)*

Claim 2(a) alleges the trial court unconstitutionally denied Petitioner the right to present an entrapment defense by denying his request to call the confidential informant as a witness. Because the Arizona Court of Appeals acknowledged that Petitioner raised Claim 2(a), but did not rule on it, the Magistrate conducted a de novo review, finding the trial court did not violate Petitioner's due process rights. (Doc. 39 at 16–18.) The

Magistrate explained the trial court concluded the precluded testimony was irrelevant because the informant provided Petitioner's phone number to an undercover officer, but was not a witness to the crime. (*Id.*) Moreover, the trial court found the testimony was cumulative because the state could reveal through a law enforcement officer where the phone number was obtained. (*Id.* at 17.) The Magistrate commented that the trial court believed "Petitioner may be prejudiced by the jury learning that a confidential informant provided his phone number because that could suggest his involvement with other criminal activity not before the jury." (*Id.* at 17–18.) The Magistrate Judge found that no violation occurred because the evidentiary rules allowed for preclusion of testimony that is "repetitive," "marginally relevant," and that risked "confusion of the issues." (*Id.*)

In addition, the Magistrate indicated Petitioner had provided no proof of the third element of entrapment—that he was not predisposed to sell methamphetamine. (*Id.*) The Magistrate stated that the informant's testimony went only to the first element—that the offense started with a government agent. (*Id.* at 18.) This was not disputed and would have been repetitive. Even if Petitioner could have elicited testimony from the informant that the informant persuaded him to commit the offense, the Magistrate indicated this did not show that Petitioner was *not* predisposed to commit the offense. (*Id.* at 18–19.)

The Magistrate Judge noted that since he had not established that he was entitled to the jury instruction, the state did not need to present evidence of prior drug sale in rebuttal of the defense and therefore his claim was non-meritorious. (*Id.* at 19.) Nonetheless, the Magistrate indicated, there was no due process violation because Petitioner had not provided notice of the defense before trial. (*Id.* at 19, n. 3.)

First, Petitioner claims he could have provided evidence that he was not predisposed to sell meth, including the informant's testimony. (Doc. 44 at 5.) The Court does not find that Petitioner's argument undermines the Magistrate's conclusion that even with Petitioner's testimony and the testimony of the informant—which were presented to the trial judge in a proffer of evidence when the defense was denied and found to be irrelevant, cumulative, and prejudicial—he has not demonstrated his ability to establish the third element of an entrapment defense.

- 7 -

Second, Petitioner argues the Magistrate erred when he concluded Petitioner had not disclosed an entrapment defense. (*Id.*) Petitioner avers that "both state and court acknowledged it was noticed." (*Id.*) However, as the Magistrate Judge noted, regardless of notice, the trial court denied the entrapment because Petitioner could not establish all the elements of the defense. Upon de novo review, this trial court evidentiary ruling was reasonable and not contrary to federal law.

### c. Claim 2(b)

Claim 2(b) argues the trial court denied Petitioner the right to present a complete defense by denying him his right to testify. The Magistrate quoted extensively from the court of appeals' factual findings, detailing how Petitioner's choice not to testify was voluntary and knowing. (Doc. 39 at 13–15.) The Magistrate stated that the court of appeals' determination that Petitioner chose not to testify must be presumed correct absent clear and convincing evidence to the contrary; Petitioner had not met that burden and the trial transcripts supported the appellate court's determination. (*Id.* at 20.) Further, there was no evidence, apart from Petitioner's statement, that he could satisfy the third element of an entrapment defense. (*Id.*) Therefore, the Magistrate concluded, Petitioner was not denied the right to a complete defense. (*Id.*)

Petitioner objects, first stating "the trial court knew I wanted to testify" because the court allowed him to present an "offer of proof" and again claiming he could present evidence he was not predisposed to sell meth. (Doc. 44 at 6–7.)

Petitioner's argument is not persuasive. The trial court allowed Petitioner to proffer what he would be testifying about for his entrapment defense. (*See* Doc. 39 at 14 ¶ 6.) Once his proposed testimony was summarized, the trial court stated it was precluding the entrapment defense for several reasons: it was irrelevant, the defense had not been timely disclosed, parts had previously been litigated, and current case law weighed against it. (*Id.* ¶ 7.) The Court finds the record supports the Magistrate's conclusion that he has not offered sufficient proof of the third element of entrapment, the trial court made a reasonable evidentiary decision, and ultimately Petitioner decided not to testify based on the trial court's evidentiary limitations.

### d. Claim 2(c)

In Claim 2(c), Petitioner claims the trial court denied Petitioner the right to present a complete defense by denying a jury instruction on entrapment.

As stated previously, the Court agrees with the Magistrate judge that Petitioner had not provided sufficient proof of the elements to afford him the entrapment defense and jury instruction.

### e. Claim 3: IAC during plea negotiations.

For Claim 3, Petitioner asserts that counsel had not informed him that "if he were sentenced after trial he would have to serve 'flat-time,' but if he accepted the plea he would have been eligible to serve only 85% of the sentence." (Doc. 39 at 24.) The Magistrate affirmed that by statute, Petitioner was subject to flat time regardless of whether he took the plea or went to trial. (*Id.* at 24–25.) Both the Post Conviction Relief ("PCR") Court and court of appeals rejected Petitioner's argument.

The PCR Court found that the trial court had explained the benefits of the plea agreement and the risks of proceeding to trial. (*Id.* at 25 (citing Ex. ZZ at 2).) Moreover, the PCR Court found that even if Petitioner had known a sentence after trial would be served as flat time, he had not shown the outcome would be different. (*Id.*) It stated Petitioner "was palpably and vocally distrustful of any advice he received while his case was pending and insisted that he wanted to take his case to trial and did not want an attorney who even discussed a non-trial resolution" (*Id.*)

The Arizona Court of Appeals agreed that both under the plea and at trial Petitioner was subject to flat time. (*Id.*) The appellate court found Petitioner rejected the plea because of the "deficiencies in the State's case and not whether the sentence was 85% or flat time." (*Id.*)

The Magistrate noted that counsel had averred he informed Petitioner the "type" of sentence would be the same. (*Id.*) The Magistrate concluded:

> Because there was no differential between the percentage of the sentence Petitioner was obligated to serve under a plea agreement or a conviction after trial, Petitioner has not established that he received erroneous advice

- 9 -

> from counsel. Because counsel provided accurate information about the plea, his conduct was not objectively unreasonable.
>
> Further, to the extent counsel provided any inaccurate information, Petitioner has not demonstrated that he was prejudiced. He alleges that he rejected the plea with the accurate understanding that he would face more time after trial (1.75 years more, at a minimum). He alleges that he inaccurately understood that either sentence would be served at 85%. But he has not averred that he would have accepted the plea, if he had understood that the law required that any sentence would have to be served in full. Thus, he has not established a reasonable probability that the outcome would have been different, because he would have taken the plea, if he understood the flat-time requirement. At a minimum, the Arizona Court of Appeals' denial of this claim was not objectively unreasonable.

(Doc. 39 at 26.)

Petitioner objects, again arguing that he was not advised he was subject to flat time if proceeding to trial and that the plea agreement stated, "defendant must serve approximately 85% of the sentence imposed." (Doc. 44 at 2.) Petitioner also now claims he would have taken a plea.

Upon de novo review of Petitioner's citations in support, the Court agrees with the Magistrate Judge that the Arizona Court of Appeals' decision was not objectively unreasonable. Petitioner was subject to flat time under both a plea agreement and upon sentencing after trial. The Court does not believe Petitioner's citations support his contention he would have taken a plea had he known he would be serving a flat sentence. Claim 3 is therefore meritless.

### f. Claim 4(a)(1)

In Claim 4(a)(1), Petitioner claims his attorney was ineffective for failing to call a confidential informant who could testify that Petitioner was not predisposed to sell drugs. (Doc. 44 at 8.) He objects to the Magistrate's determination that "Petitioner fails to demonstrate that counsel's conduct, in not moving a second time to call the confidential informant as a witness, was objectively unreasonable," and that even if counsel had objected, it was unlikely the outcome would have been different." (*Id.*)

As discussed in Claim 2(a), the trial court's denial of the presentation of the confidential informant was reasonable, and the Court agrees with the Magistrate Judge that "nothing in the record indicates the judge would have changed her mind if counsel had urged the issue again before trial." (Doc. 39 at 23.) The Court cannot grant relief under Claim 4(a)(1).

### g. Claim 4(a)(2)

Claim 4(a)(2) asserts that counsel was ineffective for not presenting an entrapment defense. Petitioner believes he and another witness could have testified he was not predisposed to dealing drugs and had no drugs in his home. (Doc. 44 at 9.) There are no specific objections to the Magistrate's findings regarding this claim. A petitioner's objections to an R&R must specifically indicate the findings and recommendations for which he disagrees. Fed. R. Civ. P. 72(b). Moreover, the argument repeats assertions addressed in other claims for which the Court finds are non-meritorious.

### h. Predisposition

Finally, Petitioner objects to the Magistrate Judge's conclusion that Petitioner could not show the third element of entrapment—that he was not predisposed to selling drugs. (Doc. 44 at 10.) He claims that the undercover officer "testified he knew nothing about me dealing with other people or officers prior to his dealings with me" and that the informant also had no knowledge of whether he was involved in drug sales previously. (*Id.*) The government responds that "[t]he absence of evidence that Armenta had sold drugs in the past is not evidence that he had not sold drugs or was not predisposed to do so." (Doc. 45 at 10.) The Magistrate noted there was evidence that Petitioner had involvement with drug sales prior to the instant conviction. In fact, the Arizona Court of Appeals stated Petitioner "sold methamphetamine to an undercover police officer on six separate occasions in August and September 2015 in amounts ranging from one-eighth ounce to one-half pound, and admitted to the undercover officer that he sold, rather than used, drugs." (Doc. 39 at 2, 15 (citing Exs. HH, II at 2, MM at 3–6).) The Court agrees with the Magistrate Judge that Petitioner's offered evidence does not show that he was not predisposed to committing a drug offense.

Upon de novo review of the issues raised, the Court agrees with and adopts the Magistrate Judge's conclusions.

Accordingly, IT IS ORDERED:

1) Magistrate Judge Lynette C. Kimmins' Report and Recommendation is ADOPTED. (Doc. 39.)
2) Cezan C. Armenta's Amended Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Non-Death Penalty) is DENIED. (Doc. 10.)
3) The Clerk of Court shall docket accordingly and close the case file in this matter.

Dated this 7th day of January, 2025.

_____
Honorable Raner C. Collins
Senior United States District Judge